No. 6 8
Ex Parte, ANDY BUTSCH
No. 19888.   Supreme Court
On motion to certify.   Dock. June 11, 1926; 4 Abs. 393.

661.   INTOXICATING LIQUORS—May a mayor assess a fine for possessing property designed for the manufacture of intoxicating liquors when said mayor has a financial interest in the outcome of the case?

It appears that Butsch was charged with possessing certain property for the manufacture of liquor and was found guilty of said charge by the mayor of the village of North Bend and assessed a fine of $800. Butsch being unable to pay this fine was placed in jail. The Hamilton Common Pleas granted a writ of habeas corpus on the ground that the judgment was subject to collateral attack and void; that the mayor had no jurisdiction to render judgment or of the person or subject matter. This judgment was reversed by the Court of Appeals.

Butsch in the Supreme Court contends:

1. That the mayor could not try the case because of his financial interest in the outcome thereof.

2. That by reason of this financial interest the mayor had no jurisdiction whatever.

Attorneys—C. W. Smedley, for pltf; C. M. Price, for Deft.; both of Cincinnati.

The
Cleveland
Trust Company

CHARTER NO 444

CAPITAL AND SURPLUS $12,900,000 00

LEGAL DEPARTMENT

June 22, 1926.

The W. H. Anderson Company,
524 Main Street,
Cincinnati, Ohio

Gentlemen:                            Attention of Mr. Hugh Jones.

          I appreciate the information furnished me in your letter of June 18th, relative to Section 8546-2 of the General Code, and desire to compliment you for the thoroughness exhibited by your editors in going into this particular section.

Very truly yours,

W. A. STRONG,
Assistant Counsel.

MAM